UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EAGLE STAR INSURANCE COMPANY LIMITED and HOME AND OVERSEAS INSURANCE COMPANY LIMITED,<br><br>      Petitioner,<br><br>vs.<br><br>ARROWOOD INDEMNITY COMPANY, f/k/a ROYAL INDEMNITY COMPANY,<br><br>      Respondent,<br><br>and<br><br>EMPLOYERS INSURANCE COMPANY OF WAUSAU, STRONGHOLD INSURANCE COMPANY LIMITED; ALLSTATE INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY; NATIONAL CASUALTY COMPANY,<br><br>      Movant-Intervenors. | Civil Action No. 1:13-cv-3410-HB<br><br>**DECLARATION OF JOHN E. RODEWALD IN SUPPORT OF INTERVENORS' PETITION TO INTERVENE AND TO UNSEAL JUDICIAL DOCUMENTS** |

JOHN E. RODEWALD, pursuant to 28 U.S.C. § 1746, declares that I have personal knowledge of the facts stated herein and, if called upon to do so, I could and would competently testify to the following:

1. I am an attorney representing one of the Intervenors herein, Allstate Insurance Company ("Allstate"), and I am a partner at the law firm Bates Carey Nicolaides LLP.

2. I make this declaration in support of the petition filed by Intervenors to intervene for the purpose of unsealing the arbitration award that resulted from a reinsurance arbitration (the "Arrowood/Eagle Star Arbitration") between Arrowood and Petitioners Eagle Star Insurance Company Limited and Home and Overseas Insurance Company Limited (collectively, "Eagle Star"). Although that arbitration award (the "Award") is the subject of this proceeding and of Eagle Star's petition to confirm the Award (the "Petition to Confirm"), it is currently under seal, apparently at the request of Arrowood and/or Eagle Star (collectively, the "Parties").

3. Arrowood has also commenced a separate reinsurance arbitration against Allstate, and I represent Allstate in that arbitration. I have represented parties to reinsurance arbitrations for more than 15 years, and base the statements set forth herein upon that knowledge of the reinsurance industry and reinsurance arbitrations.

4. Reinsurance is a transaction by which an insurer (often referred to in the reinsurance context as the "cedent") transfers some or all of the risk under one or more of its insurance policies to another company (known as the "reinsurer"), in exchange for a share of the insurance premium. If the reinsurance contract covers a single specified policy, the reinsurance is known as "facultative" reinsurance. If the reinsurance contract covers an entire portfolio or group of the cedent's policies, it is known as "treaty" reinsurance and the contract is called a

"reinsurance treaty." Often, several reinsurance treaties will provide layers of coverage, known as a reinsurance program.

5.  Allstate participated as a reinsurer on one such reinsurance program under which Arrowood (then Royal Indemnity Company) was the cedent. This reinsurance program was referred to by Arrowood as the "Global Slip" program. The separate reinsurance treaties that each made up a layer of the Global Slip program were what are known in the reinsurance industry as "subscription" contracts. This means that multiple reinsurers (each a "subscribing reinsurer") participated on each contract / layer, each "subscribing" to the contract so that the total reinsurance obligations to the ceding company were split amongst the various subscribing reinsurers, one of which was Allstate on certain of the Global Slips. Although each reinsurer's liabilities were separate, they all subscribed to the same or similar contract wording for each layer.

6.  Exhibit 1 to the Petition to Confirm is described therein as the reinsurance contract, covering the period from January 1, 1967 to December 31, 1967, that was the subject of the arbitration giving rise to the Award at issue in this proceeding. I recognize Exhibit 1 to the Petition to Confirm as one of the reinsurance treaties making up the Global Slip program and one of the reinsurance treaties where Allstate was a participant. Thus, based upon the Petition to Confirm, Exhibit 1 thereto, and the other declarations filed herewith, Eagle Star and the other Intervenors were all fellow subscribing reinsurers along with Allstate in the Arrowood Global Slip program.

7.  In August 2011, Arrowood demanded arbitration against Allstate seeking to collect on amounts that Arrowood claimed that Allstate owed as a subscribing reinsurer under the Global Slip program. The amounts demanded by Arrowood were in respect of its purported

payments to General Motors, Inc. This arbitration (the "Arrowood/Allstate" arbitration) remains pending. Arrowood has also placed Allstate on notice regarding other claims, including in respect of Anco Insulators and Graybar Electric.

8. Upon information and belief, including based upon the Petition to Confirm, other public-record filings, and the other declarations filed herewith, Arrowood has commenced separate arbitrations regarding the Global Slip program and one or more of the General Motors, Anco and Graybar claims against the other Intervenors as well, and against other subscribing reinsurers, including Eagle Star.

9. The Arrowood/Allstate arbitration will address, among other things, whether Arrowood properly ceded or billed Allstate for the General Motors claim, among others, under the Global Slip program. As such, it will address the same contract wording from the same Global Slip reinsurance program, the same legal issues, and the same facts and underlying insurance claim, as did the arbitration and the Award at issue in this proceeding.

10. Allstate first became aware of the Petition to Confirm and the sealed Award on or about June 5th.

11. As a matter of reinsurance industry practice, reinsurance arbitrations are decided by a panel of three industry veterans. The determination of such a panel as to whether or not Arrowood has properly ceded the General Motors claim under the Global Slip program would be of substantial value to Allstate, other subscribing reinsurers, and to the industry as a whole. Unsealing the Award will allow all involved the opportunity to better assess the true merits of the claims asserted by Arrowood, and will also provide a limited check on Arrowood's efforts to commence numerous and different serial arbitrations, including the possibility of inconsistencies

among the treatment of subscribing reinsurers, and Arrowood adjusting its arguments in subsequent arbitrations based on outcomes that it has hidden from other subscribing reinsurers.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 26th day of June, 2013 at Chicago, IL.


      /s/ John E. Rodewald
John E. Rodewald (IL Bar No. 6204033)

1014938