UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EAGLE STAR INSURANCE COMPANY         :
LIMITED and HOME AND OVERSEAS        :
INSURANCE COMPANY LIMITED,           :
           Petitioners,             :
                                     :    13 CV 3410 (HB)
  - against -                        :
                                     :    **OPINION & ORDER**
ARROWOOD INDEMNITY COMPANY           :
f/k/a ROYAL INDEMNITY COMPANY,       :
           Respondent.              :
-----------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

      Movants Employers Insurance Company of Wausau, Stronghold Insurance Company Limited, Allstate Insurance Company, Nationwide Mutual Insurance Company, and National Casualty Company seek to intervene in this action for the limited purpose of asking the Court to unseal certain documents previously filed under seal. For the reasons that follow, the motion to unseal is GRANTED. The motion to intervene is DENIED as moot.

## BACKGROUND

      The above-captioned Petitioners originally sought to confirm an award resulting from an arbitration proceeding with Respondent Arrowood Indemnity Company regarding a reinsurance dispute. In connection with that arbitration, the parties agreed to keep confidential any "Arbitration Information," defined as

> all briefs, deposition and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings.

*Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*, No. 13 Civ. 3410 (S.D.N.Y. June 27, 2013) (order permitting filing under seal). By two orders of this Court as well as a preliminary order by the District Judge sitting in Part I, the parties were permitted to file under seal the Arbitration Information contained in the petition as well as in Respondent's motion to dismiss. But on July 24, 2013, before the motion to dismiss was fully briefed, Petitioners and Respondent submitted a joint stipulation of discontinuance stating that the parties had reached a settlement. By that stipulation, the parties agreed to discontinue the case. Accordingly, the Court never issued any

decision on the merits of confirmation nor the motion to dismiss.  Movants, five insurance companies not originally involved in the subject arbitration, object to the filing of Arbitration Information under seal.

## DISCUSSION

### A.  Jurisdiction and Motion to Intervene

First, the Court rejects any suggestion that it lacks jurisdiction to unseal documents filed in connection with this case.  Despite the settlement between Petitioners and Respondent, "[i]t simply does not follow . . . that the filing of a stipulation of dismissal divests a court of jurisdiction either to dispose of material in its files as it thinks appropriate or to modify or vacate its own protective orders with respect to such documents."  *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139–40 (2d Cir. 2004).  Indeed, the Second Circuit is clear that "a district court can modify a protective order when a third party requests judicial documents after the parties have filed a stipulation of dismissal pursuant to settlement."  *Id.* at 141.

And because Movants seek intervention only to unseal the arbitration information filed in this case, I need not decide the merits of their intervention.  The Court may *sua sponte* unseal the records at issue irrespective of a motion to intervene.  *See id.* ("[W]e see no reason why the absence of a motion of a party to the litigation or some third party requesting that a seal or protective order be lifted should remove a federal court's ability to monitor and modify its previous orders in exercise of its 'supervisory power over its own records and files.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))).  Indeed, while the Court permitted the parties here to file "all arbitration information and only arbitration information in the instant action . . . under seal," the Court also indicated that "'Sealed' and 'Confidential' documents may be opened upon notice to the parties pursuant to further order of the court."  *Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*, No. 13 Civ. 3410 (S.D.N.Y. June 27, 2013).  Accordingly, I turn directly to the merits of unsealing here.

### B.  Motion to Unseal

In support of unsealing, Movants assert both a common law and First Amendment right to access judicial documents.  The starting point for either inquiry is to determine whether the documents at issue are in fact "judicial documents" for which a presumption of access applies.  *See SEC v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001) ("[A] subspecies of sealed documents in civil cases—so-called 'judicial documents'—deserve a presumption *in favor of*

*access*." (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995))). But while the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document," such documents include those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* At the time of filing, the petition to confirm, the documents attached to that petition, as well as the motion to dismiss were filed for the Court's consideration in ultimately adjudicating the case. As such, they are judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) ("[W]e hold that the contested documents—by virtue of having been submitted to the court as supporting material in connection with a [dispositive] motion . . . are unquestionably judicial documents under the common law."); *Global Reins. Corp.-U.S. Branch v. Argonaut Ins. Co.*, Nos. 07 Civ. 8196, 07 Civ. 8350, 2008 WL 126976, at *2 (S.D.N.Y. Jan. 7, 2008) ("[T]he arbitration awards became judicial documents <u>when submitted to this Court</u> on a petition to confirm and the presumption of access attaches to them . . . ." (emphasis added)). Simply because the parties later filed a stipulation of dismissal does not mean that the parties did not invoke the judicial power upon the initial filing of these documents. *See, e.g.*, *Century Indem. Co. v. AXA Belgium*, No. 11 Civ. 7263, 2012 WL 4354816, at *13 (S.D.N.Y. Sept. 24, 2012) ("It is well settled that the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents . . . ." (alteration in original) (quoting *Aioi Nissay Dowa Ins. Co. Ltd. v. ProSight Specialty Mgmt. Co., Inc.*, No. 12 Civ. 3274, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 12, 2012))).

Given that Movants thus seek to unseal judicial documents, the next step is to determine the weight of the presumption of access. *See Aioi Nissay Dowa Ins. Co.*, 2012 WL 3583176, at *5 (outlining "three-step process for determining whether documents should be placed under seal" (quoting *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08 Civ. 10367, 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009)). This consideration is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Century Indem. Co.*, 2012 WL 4354816, at *13 (quoting *Lugosch*, 435 F.3d at 119). Here, the sealed Arbitration Information contained in the petition to confirm and the motion to dismiss constitute "the heart of what the Court is asked to act upon." *Global Reins. Corp.-U.S. Branch v. Argonaut Ins. Co.*, Nos. 07 Civ. 8196, 07 Civ.

3

Case 1:13-cv-03410-HB   Document 35   Filed 09/23/13   Page 4 of 5

8350, 2008 WL 1805459, at *1 (S.D.N.Y. Apr. 21, 2008) (citing *Lugosch*, 435 F.3d at 119–20). The weight of the presumption of access therefore is correspondingly high.

Respondents point out that the Court did not render any decisions regarding the confirmation petition or the motion to dismiss. But the Second Circuit has rejected the proposition that "different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving the motion." *Lugosch*, 435 F.3d at 123. Indeed, "documents that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." *Id.* (quoting *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 43 (C.D. Cal. 1984)). Whether the Court decided the petition or the motion to dismiss therefore does not affect the weight of the presumption of access.

Having determined the weight of the presumption, "the court must 'balance competing considerations against [the presumption of access]." *Id.* at 120 (quoting *Amodeo*, 71 F.3d at 1050). Those competing considerations include "the danger of impairing . . . judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* Here, both this Court and the District Judge sitting in Part I previously entered orders allowing the parties to file arbitration information under seal because of the parties' confidentiality agreement. But that agreement is insufficient to demonstrate that sealing is necessary. *Century Indem. Co.*, 2012 WL 4354816, at *14.

This Court also noted expressly that by further order, it may open any sealed documents upon notice to the parties. Thus, while Petitioners and Respondent may have relied on those sealing orders to some degree, they were on notice of the possibility of unsealing. Finally, while Respondent argues that disclosure would compromise its position with respect to the separate arbitrations in which it is engaged with Movants, courts have declined to shield judicial documents in the face of such risks. *See Global Reins. Corp.*, 2008 WL 1805459, at *1–*2 (declining to seal arbitration awards despite "the risk that [disclosure] will impair [plaintiff's] negotiating position with other reinsurers"). Taken together, these considerations therefore do not outweigh the presumption of public access to these documents. Accordingly, I will unseal the petition and motion to dismiss here.

4

## CONCLUSION

For the reasons stated above, the motion to unseal is GRANTED. Movants' intervention motion is DENIED as moot. The Clerk of Court is instructed to unseal and make available for viewing all previously sealed documents in this case, close this motion, and remove it from my docket.

**SO ORDERED.**

Date: 9/23/13
New York, New York

HAROLD BAER, JR.
United States District Judge